Michelle A. Clark, Bar No. 243777
miclark@littler.com
Carolyn G. Hudson, Bar No. 334842
chudson@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California  93704.2225
Telephone:    559.244.7500
Fax No.:       559.244.7525

Attorneys for Defendant
LAND O'LAKES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RUANO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAND O'LAKES, INC., a Minnesota corporation, and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Tulare County Superior Court<br>Complaint Filed:   October 4, 2024 |

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ANGEL RUANO:**

PLEASE TAKE NOTICE that Defendant LAND O'LAKES, INC. ("Defendant") hereby removes the above-entitled action from the Superior Court for the State of California, County of Tulare, to the United States District Court for the Eastern District of California. This removal is brought pursuant to 28 U.S.C. §§ 1441 and 1446. Removal is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1332(a).

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## VENUE

2. This action was filed in the Superior Court for the State of California, Tulare County. Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 84(b), 1391, and 1441(a).

## PLEADINGS, PROCESS, AND ORDERS

3. On or about October 4, 2024, ANGEL RUANO ("Plaintiff") filed a complaint with a jury demand in the Superior Court for the State of California, Tulare County, entitled *Angel Ruano v. Land O'Lakes, Inc., a Minnesota corporation, and Does 1 through 20,* inclusive, Case No. VCU313714 (the "Complaint" or "Compl."), asserting causes of action for: (1) Unlawful Retaliation in Violation of Cal. Labor Code § 1102.5; and (2) Wrongful Termination in Violation of Public Policy. *See* Declaration of Carolyn G. Hudson ("Hudson Decl."), ¶ 2; Exhibit B. The Complaint seeks a range of damages, including but not limited to lost wages and emotional distress damages; punitive damages; civil penalties; and attorneys' fees. *See* Exhibit B, ¶¶ 23-24, 26-28, 32-33, 35; Prayer for Relief, ¶¶ 1-6.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

4. On October 25, 2024, Plaintiff served Defendant, via personal service, a Summons, Complaint, Civil Cover Sheet, Preemptory Challenge, and Notice of Reassignment. *See* Hudson Decl., ¶ 3; Exhibits A-E. The Notice of Service of Process reflects that service on Defendant was accomplished on this date. Hudson Decl., ¶ 3; Exhibit F.

5. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued from the Superior Court of California, Tulare County, or served by any party other than as described above. Hudson Decl., ¶ 5. The Attachment of Exhibits "A" through "F" satisfies the requirements of 28 U.S.C. § 1446(a). *See* Hudson Decl., ¶ 3.

## INDIVIDUAL & DOE DEFENDANTS

6. No individual defendants are named in this action. Defendant is informed and believes that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (the 30-day removal period runs from the service of the summons and complaint; informal receipt of summons and complaint is insufficient to trigger removal period). On October 25, 2024, the Summons and Complaint were served on Defendant. As Defendant filed this Notice of Removal within 30 days of service of the Summons and Complaint, this Notice of Removal is timely as a matter of law.

## DIVERSITY JURISDICTION

8. Any civil action commenced in state court is removable if it could have been brought originally in federal court. *See* 28 USC § 1441(a). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

9. This action is a civil action over which this Court has original jurisdiction under 28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and the fact that the amount in controversy exceeds $75,000 exclusive of interests and costs, as set forth below.

**A.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

### *1.    Plaintiff is a Citizen of the State of California.*

10.    Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is prima facie evidence of domicile. *Marroquin v. Wells Fargo, LLC,* 2011 U.S. Dist. LEXIS 10510, **3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

11.    At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California, as evidenced by the fact that he worked and lived in Tulare County. *See* Hudson Decl., ¶ 2; Ex. B.

### *2.    Defendant Is Not A Citizen of the State of California.*

12.    For purposes of § 1332, a corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located. *Hertz Crop. v. Friend*, 559 U.S. 77 (2010). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz*, at 80. This is often referred to as the corporation's "nerve center," which will typically be found at its corporate headquarters. *Id*. at 80-81.

13.    Defendant is a corporation existing under the laws of the State of Minnesota and holds an "Active / In Good Standing" status with the Minnesota Secretary of State. (OFFICE OF THE

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

MINNESOTA SECRETARY OF STATE, https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=eccc6030-9ad4-e011-a886-001ec94ffe7f (last visited Nov. 15, 2024).) Defendant's principal place of business, (*i.e.*, its corporate headquarters, including primary executive, administrative, financial, and management functions) is in Minnesota. Specifically, as noted on the Company website, Defendant's "corporate headquarters are located in Arden Hills, Minnesota." (LAND O'LAKES, INC., https://www.landolakesinc.com/Investors#fndtn-Structure (last visited Nov. 15, 2024).)

14. Thus, Defendant is a citizen of Minnesota for purposes of 28 U.S.C. § 1332, not California. Based on the foregoing, diversity is established between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states.

**B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.**

15. Defendant need only show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84, 87. Defendant need only plausibly allege that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.") Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mutual Auto Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (Internal citations and quotations omitted).

16. The Complaint does not specify the amount that Plaintiff seeks to recover from

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

5

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Defendant in this action but seeks a variety of damages, including but not limited to: compensatory damages, including general damages, special damages, and lost earnings; punitive damages; civil penalties; and attorneys' fees. *See* Hudson Decl., ¶ 2; Exhibit B, ¶¶ 23-24, 26-28, 32-33, 35; Prayer for Relief, ¶¶ 1-6. Further, Plaintiff filed this lawsuit as an unlimited civil case with an amount demanded exceeding $35,000. *See* Hudson Decl., ¶ 2; Exhibit B, at page 2. Therefore, at a minimum, Plaintiff admits the damages sought exceed $35,000.

17. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the complaint).

18. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiff exceeds the sum of $75,000, exclusive of interests and costs.

### 1. Lost Earnings

19. Plaintiff seeks recovery of economic losses, alleging that as a result of Defendant's conduct he sustained compensatory damages including loss of "earnings and other benefits." *See* Hudson Decl., ¶ 2, Ex. B, ¶¶ 23, 32. Per the Complaint, Plaintiff was formerly employed by Defendant as a Receiver. *See id.*, ¶ 7. At the time of his separation from employment, Plaintiff was working full-time and earning $29.18 per hour ($60,694 annualized based on 2,080 hours per year). *Id.*, ¶ 7 ("Plaintiff was paid approximately $29.18 per hour."). Although Defendant denies Plaintiff is entitled to recover any damages, if Plaintiff were to recover back wages from September 19, 2024, to the present, he could potentially recover approximately $10,114 ($5,057 per month X 2 months). If Plaintiff remains unemployed through trial, which would likely be completed no sooner than one year

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA
93704.2225
559.244.7500

6

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

from today, and likely far later, the amount in controversy as to lost wages would total approximately 14 months, or roughly **$70,798**.[1] *See Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (future wages are at stake in litigation if "plaintiff claims at time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages" should she prevail); *see also Stainbrook v. Target Corp.*, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (calculating plaintiff's lost wages from time of termination through time of trial, using a "hypothetical trial date" one year after removal); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (affirming that the court should consider both past and future lost wages after the time of removal).

### 2. *Emotional Distress Damages*

20. The potential for emotional distress damages is also properly considered in the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Plata v. Target Corp.*, 2016 WL 6237798, at *3 (C.D. Cal. Oct. 25, 2016) ("Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes."). Here, Plaintiff seeks recovery of emotional distress damages, alleging that as a result of Defendant's conduct, he has suffered and continues to suffer "substantial emotional distress injuries." Decl. of C. Hudson, ¶ 2, Ex. B, ¶¶ 24, 33.

21. Defendant denies that Plaintiff is entitled to any emotional distress damages in this case. However, emotional distress awards in employment cases can be substantial. *See Passantino v. Johnson & Johnson Consumer Prod., Inc.,* 212 F.3d 493 (9th Cir. 2000) (upholding an award of $1,000,000 in compensatory emotional distress damages for Defendant's retaliatory and discriminatory acts); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d. 1140, 1147 (E.D. Cal. Mar. 20, 2018) (conservatively estimating $10,000 of emotional distress damages for Plaintiff's retaliation and other claims)*; Jadwin v. County of Kern,* 76 Fed. R. Serv. 3d (Callaghan) 715 (Mar. 31, 2010) (discussing emotional distress damages separately awarded to Plaintiffs for retaliation claims of $25,000 and $30,000); *see also Plata v. Target Corporation*, 2016 WL 6237798, at *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a

---

[1] *See Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018) (finding one year is a "conservative estimate" of the likely time from removal to trial).

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

wrongful termination claim where plaintiff had $0 estimated economic losses). Based on the foregoing cases, a conservative estimate of the emotional distress damages at issue here is at least **$10,000**.

### 3. Punitive Damages

22. Punitive damages are also properly included in the amount in controversy. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Plata*, 2016 WL 6237798, at *3. Here, Plaintiff seeks punitive damages based on conduct allegedly carried out by Defendant who "intended to cause injury to Plaintiff and acted in willful and conscious disregard of Plaintiff's rights." Hudson Decl., ¶ 2, Ex. B, ¶ 63, Prayer for Relief, ¶ 4.

23. Defendant denies that Plaintiff is entitled to any punitive damages in this case. However, punitive damage awards may be significant. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994); *see also Stainbrook v. Target Corp.*, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (punitive and emotional distress damages alone could exceed $75,000 because punitive damages are often calculated as a multiplier of compensatory damages). Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 424-25 (2003).

24. Using a conservative estimate of punitive damages equal to Plaintiff's lost wages and emotional distress damages, the punitive damages in this case add an additional **$80,798** to the amount in controversy.

### 4. Civil Penalties

25. Plaintiff also seeks civil penalties, alleging that Defendant committed violations of Labor Code § 1102.5. Punitive damages and civil penalties may be considered in the amount in controversy when they are recoverable under one or more of Plaintiff's claims for relief. *See Simmons*, 209 F. Supp. 2d at 1033; *Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001); *see also Lehman v. Amazon.com Servs.*, 2:23-cv-02022-DAD-JDP, at *10 (E.D. Cal. Nov. 22, 2023) (civil penalties

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

8

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

sought under Labor Code § 1102.5 "further increase[d] the amount in controversy, above and well beyond the $75,000 threshold"); *Ayiol v. Sunrise Senior Living Mgmt.*, 2:21-cv-03457-SB-AFM at *4 (C.D. Cal. June 22, 2021).

26. Labor Code § 1102.5(f) authorizes the imposition of a civil penalty not exceeding $10,000 per employee for each violation of Labor Code § 1102.5. Here, Plaintiff seeks recovery of civil penalties "not exceeding $10,000 for each violation of Labor Code section 1102.5" Decl. of C. Hudson, ¶2, Ex. B, ¶ 27. Defendant denies that Plaintiff is entitled to recover any civil penalties in this case. However, the addition of civil penalties would further satisfy the amount in controversy requirement.

27. Using a conservative estimate of civil penalties equal to a singular violation of Labor Code § 1102.5, the civil penalties in this case add an additional **$10,000** to the amount in controversy.

### 5. *Attorneys' Fees*

28. Attorneys' fees are also to be included in the amount in controversy calculation for purposes of determining whether the requisite jurisdictional minimum is met. *See Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785, 794 (9th Cir. 2018) (because plaintiff is entitled to "attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation and must be included in the amount in controversy"); *Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Here, Plaintiff seeks recovery of attorneys' fees, which are available to a prevailing plaintiff under the California Labor Code. *See* Decl. C. Hudson, ¶ 2, Ex. B, Prayer for Relief, ¶ 6; Cal. Lab. Code § 1102.5(j) ("The Court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for violation of these provisions.").

29. Defendant denies that Plaintiff is entitled to any attorneys' fees in this case. Attorneys' fees in employment claims can be substantial and even exceed the awarded damages. *See Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *12-13 (N.D. Cal. July 11, 2008) (employment discrimination claims require a "great deal of preparation and effort to main" and fees likely become substantial); *see also Simmons*, 209 F. Supp. 2d at 1035 (attorneys' fees in individual discrimination

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

9

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

cases often exceed the assigned damages). Further, "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours X $300 per hours)." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015). Attorneys' fees much larger than that are regularly upheld in FEHA cases. *See, e.g.*, *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming award of $724,380 in attorneys' fees in FEHA case).

30. Using the conservative estimate of attorneys' fees from *Sasso*, potential attorneys' fees in this case add at least **$30,000** to the amount in controversy.

### 5. *Summary of Amount in Controversy*

31. Defendant wholly denies that Plaintiff is entitled to any damages in this case. However, when the relief sought by Plaintiff in his Complaint is taken as a whole, the amount in controversy, even using very conservative estimates, for Plaintiff's claims more likely than not exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| | |
|---|---|
| Lost earnings | $70,798 |
| Emotional distress | $10,000 |
| Punitive damages | $80,798 |
| Civil Penalties | $10,000 |
| Attorneys' Fees | $30,000 |
| **Total Amount in Controversy** | **$201,596** |

### NOTICE TO PLAINTIFF AND STATE COURT

32. Immediately following the filing of this Notice of Removal in the United States District Court for the Eastern District of California, Defendant will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Tulare County Superior Court. *See* Hudson Decl., ¶ 6.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

10

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## CONCLUSION

WHEREFORE, Defendant prays that the above-referenced action now pending against them in the Superior Court of California, Tulare County, be removed therefrom to this Court.

Dated: November 25, 2024

LITTLER MENDELSON, P.C.

*Carolyn G. Hudson*

Michelle A. Clark
Carolyn G. Hudson

Attorneys for Defendant
LAND O'LAKES, INC.

4855-5506-1495.1 / 048240-1263

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

11   NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT